IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHANTEL BROWN
1331 ALEX DRIVE
NORTH BRUNSWICK, NJ 08902

        PLAINTIFF

V.

CHRISTOPHER FERGUSON
2127 SE 5TH STREET
LEES SUMMIT, MO 64063

    AND

CLARK TRANSPORTATION, INC.
1182 ROUTE O
ROCHEPORT, MO 65279

    AND

JOHN DOES 1 – 5, WHOSE PRESENT
IDENTITIES ARE UNKNOWN

        DEFENDANTS

CIVIL ACTION – LAW

NO.:

## COMPLAINT

### PARTIES, JURISDICTION AND VENUE

1.    Jurisdiction in this action is founded on diversity of citizenship and amount in controversy; as the plaintiff, Shantel Brown is a citizen of the State of New Jersey, residing at 1331 Alex Drive, North Brunswick, NJ 08092; defendant, Christopher Ferguson is a citizen of the State of Missouri, residing at 2127 SE 5th Street, Lees Summit, MO 65279; defendant, Clark Transportation, Inc. is a Missouri Corporation

with a main office locates at 1182 Route O, Rocheport, MO 65279; and John Does 1-5 (fictitious parties as partners), Individually, Jointly, Severally or in the Alternative. Accordingly, venue is properly place in this Court pursuant to 28 U.S.C. §1391(a) and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars.

2. Plaintiff, Shantel Brown by way of Complaint against Defendant, says:

## COUNT ONE

3. On or about January 8, 2016 at approximately 11:31, State Troopers from the Somerville Station responded to a two car motor vehicle accident on Interstate 287 North milepost 12.2 in Franklin Township, Somerset County, New Jersey.

4. At all times relevant herein, Plaintiff, Shantel Brown, was the driver of a 2005 Pontiac owned by John Brown, northbound on Route 287.

5. At all times relevant herein, defendant, Christopher Ferguson was the driver of a TT freight truck owned by co-defendant, Clark Transportation, Inc., in the course and scope of his employment and/or with permission of co-defendant, said truck travelling northbound on Route 287 at the location noted above. Said tractor trailer attempted a lane change at the noted date, time and place and negligently struck the vehicle operated by the plaintiff, causing and inflicting upon plaintiff serious bodily injuries, hereinafter more particularly set forth.

6. That the aforesaid accident and the resulting injuries and damages were caused solely by reason of the negligence and carelessness of the defendants, jointly and

severally, as aforesaid, and without fault or negligence upon the part of the plaintiff causing or in any way contributing thereto.

7. Plaintiff's injuries were caused by the negligence and carelessness of the defendant, Ferguson as follows:

    (a) Failing to keep a proper lookout in the direction in which he was proceeding and in failing to take due observation of the situation that then and there confronted him;

    (b) Failing to operate his vehicle at the time of and immediately prior to aforesaid accident in a careful and prudent manner;

    (c) Failing to maintain proper control of said vehicle;

    (d) Failing to proceed at a reasonable and safe speed under the circumstances;

    (e) Failing to take every or, in fact, any precaution to avoid colliding with plaintiff's vehicle; and

    (f) Disregarding the rights and safety of plaintiff and other persons that may have been upon the road.

8. Solely as a direct and proximate result of the aforesaid carelessness and negligence of the defendants, plaintiff Shantel Brown sustained bodily injuries including but not limited to left knee pain; strain and sprain of muscles and tendons in the left leg; contusion of left front wall of the thorax; chest pain; aggravation of prior left knee surgery; trauma to mid to lower left lateral rib cage; left knee contusion; impingement syndrome of left shoulder; lumbar sprain and strain; sprain and strain of thoracic muscles; neck sprain; ankle pain; sprain of sternum; sprain of wrists; all causing her great pain and suffering and will continue to cause her great pain and suffering in the future; such

injuries being of a permanent nature; and such injuries having preventer her and will continue to prevent her from attending to her usual occupation and duties resulting in a past loss of earnings, future loss of earnings and a loss of future earning capacity.

9. As a further result of the aforesaid carelessness and negligence of the defendant, Christopher Ferguson, plaintiff, Shantel Brown, has been and will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or incur various expenses for the injuries she has suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to her financial detriment.

**WHEREFORE,** the Plaintiff, Shantel Brown demands judgment against the Defendants, jointly, severally and/or it the alternative for damages, interest and costs of suit.

## COUNT TWO

### Plaintiff vs. Clark Transportation, Inc. and John Does 1 through 5

The Plaintiff, Shantel Brown repeats, reiterates, and incorporates by reference all of the all allegations of the First Count as if same were set forth herein at length.

10. At all times material to this cause of action, the defendant, Clark Transportation, Inc. and John Does 1 – 5 were the employers of co-defendant Christopher Ferguson, and owned the tractor trailer being operated by co-defendant at the time of the accident. Co-defendant Ferguson was acting as agent, servant, workman and employee of defendants Clark Transportation, Inc. and John Does 1 – 5, or in the alternative with the permission of Clark Transportation, Inc. and/or John Does 1 – 5.

11.     On the date and place aforesaid, the Defendants, Clark Transportation, Inc. and John Does 1 – 5 were negligent and careless as follows without fault or negligence upon the part of the plaintiff causing or in any way contributing thereto.

12.     Plaintiffs injuries were caused by the negligence and carelessness of the defendants, as follows:

   (a) Negligence by respondeat superior;

   (b) Failing to ascertain the ability of employee Christopher Ferguson to operate their vehicle at the time of and immediately prior to aforesaid accident in a careful and prudent manner;

   (c) Failing to train the defendant Christopher Ferguson in the operation of their vehicle;

   (d) Negligently entrusting the operation of their vehicle for common purposes to the co-defendant Christopher Ferguson.

13.     Solely as a direct and proximate result of the aforesaid carelessness and negligence of the defendants, plaintiff, Shantel Brown sustained bodily injuries including but not limited to left knee pain; strain and sprain of muscles and tendons in the left leg; contusion of left front wall of the thorax; chest pain; aggravation of prior left knee surgery; trauma to mid to lower left lateral rib cage; left knee contusion; impingement syndrome of left shoulder; lumbar sprain and strain; sprain and strain of thoracic muscles; neck sprain; ankle pain; sprain of sternum; sprain of wrists; all causing her great pain and suffering and will continue to cause her great pain and suffering in the future; such injuries being of a permanent nature; and such injuries having prevented her and will

continue to prevent her from attending to her usual occupation and duties resulting in a past loss of earnings, future loss of earnings and a loss of future earning capacity.

14. As a further result of the aforesaid carelessness and negligence of the defendants, plaintiff, Shantel Brown has been and will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or incur various expenses for the injuries she has suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to her financial detriment.

**WHEREFORE**, the Plaintiff, Shantel Brown demands judgment against the defendants, jointly, severally and/or in the alternative for damages, interest and costs of suit.

## COUNT THREE

### Property Damage

15. Plaintiff, Shantel Brown, incorporates herein by reference the averments contained in paragraphs 1 through 14 inclusive, as fully as though the same were herein set forth at length.

16. As a direct result of the accident aforesaid, Plaintiff, Shantel Brown's vehicle was damaged, which property damage was incurred because of the Defendants' negligence.

I certify pursuant to L. Civ. R. 11.2 that the matter in controversy is not the subject of any other action pending in any other Court.

Date: 8/21/17

*Neil P. Greenberg*
Neil P. Greenberg, Esquire
Attorney for Plaintiff, Shantel Brown
Hoffman, Sternberg & Karpf, LLC
737 Second Street Pike
Southampton, PA 18966
ngreenberg@hskinjurylaw.com
Phone: (215) 953-8955
Fax:   (215) 953-9323

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: 8/21/17

*Neil P. Greenberg*
Neil P. Greenberg, Esquire
Attorney for Plaintiff, Shantel Brown
Hoffman, Sternberg & Karpf, LLC
737 Second Street Pike
Southampton, PA 18966
ngreenberg@hskinjurylaw.com
Phone: (215) 953-8955
Fax:   (215) 953-9323

## TRIAL COUNSEL DESIGNATION

Neil P. Greenberg, Esquire is hereby designated as trial counsel for this matter.

Date: 8/21/17

*Neil P. Greenberg*
Neil P. Greenberg, Esquire
Attorney for Plaintiff, Shantel Brown
Hoffman, Sternberg & Karpf, LLC
737 Second Street Pike
Southampton, PA 18966
ngreenberg@hskinjurylaw.com
Phone: (215) 953-8955
Fax:   (215) 953-9323